**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

JAMES SUTTON,

                                                        Civil Action No. _____

                    Plaintiff,

   vs.                                         **COMPLAINT AND DEMAND**
                                                       **FOR JURY TRIAL**

NORTHSTAR LOCATION SERVICES, LLC,
and JOHN DOES 1-3,

                    Defendants.
_____/

## *INTRODUCTION*

1.     Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Telephone Consumer Protection Act, 42 U.S.C. § 227 *et seq*. ("TCPA").

## *JURISDICTION AND VENUE*

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337, 1367, 15 U.S.C. § 1692k, and 47 U.S.C. § 227(b)(3).  *See* <u>Mims v. Aarow Financial Services, LLC</u>, No. 10-1195, 2012 U.S. LEXIS 906, 2012 WL 125429 (Jan. 18, 2012).  Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## *PARTIES*

3.     Plaintiff James Sutton is a natural person and a citizen of the State of New York, residing in Erie County in the Western District of New York.

4. Defendant Northstar Location Services, LLC ("Northstar") is a New York limited liability company with its principal place of business and corporate offices in Cheektowaga, New York.

5. Defendants, John Does 1-3, are employees and officers and agents of Northstar, established the policies of or carried out the practices of Northstar regarding the TCPA or authorized those policies and practices complained of herein.

6. Pursuant to 47 U.S.C. § 217, an officer, agent or employee may be held liable for violation of the TCPA:

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case also be deemed to be the act, omission, or failure of such carrier or user as well as that person.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant regularly collects or attempts to collect debts for other parties.

9. Defendant is a "debt collector" as that term is defined in the FDCPA.

10. Defendant was acting as debt collector with respect to the collection the alleged debt.

*FACTUAL ALLEGATIONS*

11. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes.

12. On April 1, 2013, Defendant, Northstar, or others acting at its request, left a pre-recorded telephone message on Plaintiff's voicemail on his cellular telephone.

13. Defendant, Northstar, or others acting at its request, left other messages using an automatic telephone dialing system or a pre-recorded or artificial voice to place calls to Plaintiff's cellular telephone number seeking to collect an alleged debt. ("Collectively, "the telephone messages").

14. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

15. Defendant willfully or knowingly violated the TCPA.

16. The telephone messages are "communications" as defined by 15 U.S.C. § 1692a(2). *See* Belin v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. July 14, 2006) (holding that messages left on the debtor's answering machine were "communications" under the FDCPA); Foti v. NCO Fin. Sys., 424 F.Supp.2d 643, 655-56 (S.D.N.Y.2006) (holding that a voice mail message is a "communication" under the FDCPA); Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F.Supp.2d 1104, 1115-16 (C.D.Cal.2005) (same).

17. Defendant, Northstar, or others acting at its request, failed to inform Plaintiff in the telephone messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages.

## COUNT I
**VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6) REGARDING NORTHSTAR**

18. Plaintiff incorporates Paragraphs 1 through 17 above as if fully set forth herein.

19. Within one year of the filing of this Complaint, Defendant, Northstar, or others acting at its request, left telephone messages on Plaintiff's cellular telephone without making

meaningful disclosure of its identity when it failed to disclose the purpose of its communication in violation of 15 U.S.C §1692d(6).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, Northstar for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(11) REGARDING NORTHSTAR

20. Plaintiff incorporates Paragraphs 1 through 17 above as if fully set forth herein.

21. Within one year of the filing of this Complaint, Defendant, Northstar, or others acting at its request, left telephone messages on Plaintiff's cellular telephone in which Northstar failed to disclose that it is a debt collector in violation of 15 U.S.C. §1692e(11). *See e.g.*, Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 646 (S.D.N.Y. 2006); Belin v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. 2006); Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. 2006).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, Northstar for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF THE TCPA REGARDING NORTHSTAR

22. Plaintiff incorporates Paragraphs 1 through 17 above as if fully set forth herein.

23. Defendant, Northstar, or others acting at its request, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, Northstar for:

    a. Damages;

    b. A declaration that Defendant's debt collection practices violate the TCPA;

    c. A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice of the called party; and engaging in the complained of practices; and

    d. Such other or further relief as the Court deems proper.

## COUNT IV
## VIOLATION OF THE TCPA REGARDING JOHN DOES 1-3

24. Plaintiff incorporates Paragraphs 1 through 17 above as if fully set forth herein.

25. Defendant, John Does 1-3, established the policies or carried out the practices complained of herein regarding the TCPA or authorized those policies and practices that caused the placement of non-emergency telephone calls to Plaintiff's cellular telephone using an

automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants John Does 1-3 for:

a. Damages;

b. A declaration that Defendant's debt collection practices violate the TCPA;

c. A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice of the called party; and engaging in the complained of practices; and

d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ James S. Giardina
James S. Giardina, Esq.
**The Consumer Rights Law Group, PLLC**
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com